UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MCLAINE DENISS, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>INTERNAL REVENUE SERVICE, et.al.,<br><br>　　　　Defendants. | 3:15-cv-00190-RCJ-WGC<br><br>**ORDER** |

A "Petition to Quash Summons" has been filed in this court by "Mclain Deniss, Petitioner, a managing member of Everest Quality Construction, Ltd., Petitioners." (Doc. # 1.[1]) The petition appears to pertain to two summonses issued by the Internal Revenue Service to Dennis Mclaine (Exhibit D, Doc. # 1 at 98) and to Nevada State Bank (Exhibit E, *id.,* at 99).[2]

The petition was submitted by "Mclaine Deniss" Petitioner, a managing member of "Everest Quality Construction Ltd" and by "Everest Quality Construction, *pro se*, a Limited Liability Company incorporated in this free State Republic of Nevada" (herein "Everest"). (Signature page, *id.,* at 34.) The Mclaine Deniss name is additionally utilized on the civil case cover sheet (*id.*, at 116). However, "Mclaine Deniss" also appears in the filings as "Deniss Mclaine" (*id*., at 2, 8, 9, 71 and on the "footer" appearing on each page of the filing.)[3]

The court does not understand the rationale for the two different names utilized in the filing;

---

[1] Refers to court's docket number.

[2] The "Attachment to Summons" referred to in the Summons did not accompany the filing.

[3] The court takes judicial notice of the registration of Everest Quality Construction, Ltd., naming its resident agent as "Dennis Mclaine" and its managing member as "Deniss Mclaine." Nevada Secretary of State website, "Nevada Business Search," http://nvos.gov/sosentitysearch/CorpDetails.aspx.

nevertheless, the court will henceforth refer to petitioner as "Mclaine Deniss."

It is also difficult to ascertain whether Mclaine Deniss is appearing just for Everest or for both Everest and himself. The court, however, liberally construing the Petition, interprets the Petition as asserting claims for both Mclaine Deniss and Everest. This determination is consistent with the Petition's identification of the "Parties" in ¶ II, p. 3 of 115.

The court notes, however, that nowhere in the Petition does it appear that Mclaine Deniss signed the petition as is required under Fed. R. Civ. P. 11. On or before **April 30, 2015,** Mclaine Deniss shall submit a signature page for the Petition which is signed by him and provides the signer's address, email address and telephone number.  If Mclaine Deniss does not provide the Rule 11-mandated signature page, this court will recommend the Petition be dismissed as to Mclaine Deniss.

Although Mclaine Deniss may be managing member of Everest, because Everest is a limited liability company organized as such under the laws of the State of Nevada, Everest requires representation by counsel to be able to proceed in this action. Mclaine Deniss may not appear in federal court for or on behalf of Everest. A party may not proceed without counsel on behalf of artificial entities. 28 U.S.C. § 1654.  "Corporations and other unincorporated associations must appear in court through an attorney." *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (citations omitted).  This rule "prohibits *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (trustee may not appear *pro se* because he is not the person who by substantive law has the right sought to be enforced).

Therefore, Everest can, therefore, only continue as a party in this action if represented by an attorney admitted to practice in the United States District Court for the District of Nevada; Everest cannot be represented by Mclaine Deniss. Everest will be allowed until **April 30, 2015**, to secure counsel to represent Everest.  If Everest does not obtain counsel by that date, this court will recommend the Petition be dismissed as to Defendant Everest Quality Construction, LLC.

**IT IS SO ORDERED.**

DATED:  April 3, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE